**UNITED STATES v. KOON WAH LEE.**

Cr. No. 9948.

District Court, Hawaii.

Jan. 28, 1947.

Fred Patterson and Herbert K. H. Lee, both of Honolulu, T. H., for defendant.

Ray J. O'Brien, U. S. Atty., and Maurice Sapienza, Asst. U. S. Atty., both of Honolulu, T. H., for plaintiff.

METZGER, District Judge.

Movant was convicted upon Count II in an indictment of two counts, which count reads: "On or about the 31st day of January, 1946, at Honolulu, City and County of Honolulu, Island of Oahu, Territory of Hawaii, and within the jurisdiction of this Court, Koon Wah Lee, being then and there an officer and agent appointed and acting under the authority of the Revenue Laws of the United States, to wit: Zone Deputy Collector of Internal Revenue, collected the sum of Seven Thousand Dollars ($7,000.00) from one Paul Sui Foon Au, a taxpayer, as payment for compromise, adjustment and settlement of any charge and complaint for income tax and social security tax evasions by the United States of America against the said Paul Sui Foon Au."

This indictment was purported to charge a violation of law under Subsection (e) of 26 U.S.C.A. Int.Rev.Code, § 4047, which subsection (e) reads in part as follows:

"(e) Other unlawful acts of revenue officers or agents. Every officer or agent appointed and acting under the authority of any Revenue Law of the United States—

\* \* \* \* \*

"(10) Who demands, or accepts, or attempts to collect, directly or indirectly, as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do—"shall be punished as thereinafter set forth.

Subsection (e) contains 10 numbered subsections, each of which define acts on the part of revenue officers or agents which are designated as crimes, all punishable to the same extent.

Following largely the doctrines laid down in Sutton v. United States, 5 Cir., 157 F.2d 661, 663, and authorities cited therein, I am of opinion that the

indictment does not sufficiently describe, concisely and definitely a crime against the United States, or with sufficient clarity and certainty inform the defendant of the nature and cause of the charge against him so as to bring it within the purview of Rule 7(c) of the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, or within the requirements of the Sixth Amendment of the Constitution, so as to exclude it from the operation of Rule 34.

"The Sixth Amendment of the federal constitution requires that in every criminal prosecution the accused shall be informed of the nature and cause of the accusation against him. This means that he shall be so fully and clearly informed of the charge against him as not only to enable him to prepare his defense and not be taken by surprise at the trial, but also that the information as to the alleged offense shall be so definite and certain that he may be protected by a plea of former jeopardy against another prosecution for the same offense."

"If the information in the instant case failed to meet either of these requirements, it contained a constitutional defect or omission that prejudicially affected the substantial rights of appellant".

Rule 34 requires that the courts shall arrest judgment if the indictment does not charge an offense.

Statutes, 18 U.S.C.A. § 556 and 28 U.S.C.A. § 391, requiring trial courts to disregard formal defects in indictments do not impair right of defendant to be fully and definitely informed of the charge against him. 157 F.2d 669.

There are two counts in the indictment. One charges that defendant "demanded" a sum of money and the other charges that he "collected" a sum. Defendant was acquitted by the jury of the charge that he "demanded", and convicted on the charge that he "collected". The prosecution contends that "collected" has the same meaning as the word "accepted" as used in the statute. If this is true, then Webster's New International, Words and Phrases, and Black's Law Dictionary lack something in

their definitions of these two words. Whether or not an "attempt to collect" would be included in the term "demanded", or whether such acts would constitute separate violations so that a defendant might be separately charged and put in jeopardy as to each, need not be discussed, for the defendant has not been directly charged with "attempt to collect".

The government represents and contends that, "only the Commissioner of Internal Revenue is expressly authorized by law, subject to the approval of the Secretary of the Treasury, to compromise, adjust, or settle any charge or complaint for any violation or alleged violation of law", and that the gist of the offense was the acceptance of money by the defendant, a "zone deputy collector".

■ The indictment is silent as to whether or not the money alleged to have been "collected" was turned in by the defendant as a government realization. Without evidence to the contrary, the presumption would be that it was turned in by the collector. The prosecution takes the view that it is immaterial for the purpose at hand whether it was or was not, and this could be true if he were plainly charged with having accepted or attempted to collect money that he was forbidden by law to accept or attempt to collect.

■ It is a well established law that in considering a Motion in Arrest of Judgment—which may be maintained only for a defect appearing on the face of the record —that the evidence is no part of the record. The indictment does not charge that the defendant used or had any intention to use his office to impose on or defraud the delinquent taxpayer or accept from him a gift, or to defraud or injure the government in any manner, or that he knowingly used his office beyond his lawful authority therein. It is silent on all of these matters, merely alleging that he collected from Paul Au, as for either or both, an income tax or a social security tax evasion in the sum of $7,000 by way of either compromise, adjustment, or settlement. Had there been no departure from, or extension to, this allegation by evidence put in

the trial it seems quite improbable that a conviction would have followed for a criminal violation.

A defendant being in law presumed to be innocent before and throughout every stage of the trial, it follows that he is presumed to be wholly ignorant that there exists any evidence to convict him of a crime unless the indictment or information sets out plainly, concisely and definitely the essential facts constituting the offense charged. He should not be required to prepare to overthrow unforeseeable evidence that may tend to establish criminal acts not clearly charged against him or included within acts so charged, nor should he be required to prepare and defend against acts which do not plainly describe a crime.

While the question at least in part, was before the Court in the early part of the trial, and ruled on negatively to the defendant's contentions, I now believe that no one can say with certainty just what provision of Section 4047(e) the defendant was convicted of. The indictment sets forth that he was a "zone deputy collector", then alleges that he "collected"; undoubtedly he had a right to collect something. There is no negative allegation that as a deputy collector he was not authorized to collect a $7,000 payment in settlement for taxes claimed against Paul Au. The statute referred to, Section 4047(e) of the Revenue Law, clearly implies that some one was or could be authorized to "accept" or "attempt to collect" payment of delinquent taxes.

If the defendant had no such lawful authority and the crime consisted in acting without it, as the prosecution contends, then the lack of authority, that being the gravamen of the offense, should have been charged in the indictment, and the trial should have been confined to that issue, and not have gone for several days into evidence of extortion and collusion to defraud the United States.

I find and hold that the indictment does not sufficiently and clearly define a crime and the Motion in Arrest of Judgment is sustained.