### UNITED STATES of America, Plaintiff/Appellee,

### v.

### David M. SHAW, Defendant/Appellant.

### No. 80–1329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1980.

Decided March 2, 1981.

Rehearing Denied May 18, 1981.

---

Thomas R. Sheridan, Simon & Sheridan, Los Angeles, Cal., for defendant/appellant; James J. Coyle, Los Angeles, Cal., on brief.

Suzanne B. Conlon, Los Angeles, Cal., for plaintiff/appellee; Nancy W. Stock, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before CHOY and TANG, Circuit Judges and HANSON,* Senior District Judge.

HANSON, Senior District Judge:

David Shaw appeals from the district court's order vacating Shaw's guilty plea over his objection and claim of vindictive prosecution. The issues presented are: (1) whether the district court's pretrial order is appealable as a "final decision" within the meaning of 28 U.S.C. § 1291; and (2) whether the government's moving to vacate Shaw's guilty plea after he moved to arrest judgment under F.R.Crim.P. 34 constitutes vindictive prosecution. We hold in the affirmative as to both issues.

I.

In August, 1979, the government informed Shaw that he was a target of an investigation into bid-rigging, bribery, kickbacks, and a conspiracy relating to the awarding of contracts by the Federal Reserve Bank of San Francisco, Los Angeles branch. The government proposed a plea agreement whereby Shaw would receive leniency in exchange for submitting to interviews by investigators, testifying before the grand jury, and testifying at the trials of others who might be indicted. Attorneys for Shaw and the government negotiated the terms of the plea agreement in a series of meetings held between August 1979 and January 1980. On January 31, 1980, Shaw's attorneys received a letter from the government which stated the ultimate terms of

---

* The Honorable William C. Hanson, Senior United States District Court Judge for the Northern and Southern Districts of Iowa, sitting by designation.

the plea agreement. In exchange for his cooperation, Shaw would be allowed to plead to one count of the indictment and if he were named in more than one count, he could elect the count to which he would plead. In return, the government agreed to move to dismiss all remaining counts of the indictment in which Shaw was named, acquiesce in a sentence of probation, and recommend a fine. The government would not move to dismiss the remaining counts against Shaw until his sentencing.[1]

During the negotiation of this plea agreement, it was clear to Shaw's attorneys that the government intended to seek an indictment against Shaw for the offense of bribery of a public official under 18 U.S.C. § 201. Shaw's attorneys told the government that they questioned whether under the bribery statute subject matter jurisdiction existed as to employees of the Federal Reserve Bank. In fact, in October 1979, Shaw's attorneys submitted an extensive legal memorandum to the government in which they argued that an employee of a Federal Reserve Bank is not a "public official" within the meaning of 18 U.S.C. § 201. The government considered the memorandum, but concluded that there was subject matter jurisdiction of the offense.

In January, during the final stages of the plea negotiations, Shaw's attorneys again raised the jurisdictional question. They expressed the hope that Shaw would be indicted under the bribery statute because they wanted to test the applicability of that statute to employees of the Federal Reserve Bank. The government responded that Shaw could not litigate this issue under the plea agreement and that, regardless of the agreement, the issue could not be raised after a guilty plea.

Shaw lived up to his part of the bargain by testifying before the grand jury and on February 20, 1980, the grand jury returned an indictment against Shaw and three co-defendants. Shaw was charged with conspiracy, mail fraud, and two counts of brib-

ery under the aforementioned bribery statute. Shaw exercised his option under the terms of the plea agreement by choosing to plead guilty to one of the bribery counts, which he did at a hearing on March 3, 1980. On March 10, 1980, Shaw filed a timely Motion in Arrest of Judgment under F.R. Crim.P. 34. In support of the motion, Shaw argued that the court lacked subject matter jurisdiction of the offense to which he had pled. The government responded by filing a Motion to Vacate Shaw's plea of guilty and to set a trial date. The government argued that Shaw had entered the plea agreement with an undisclosed intention to violate or avoid his commitments and that his actions operated as a fraud on the government and the court. Shaw opposed the Motion to Vacate arguing that the government had no basis for making such a motion, that he had complied with the provisions of the plea agreement, and that the government's attempt to vacate the plea and set Shaw for trial amounted to vindictive prosecution as disapproved by this Court in *United States v. DeMarco*, 550 F.2d 1224 (9th Cir.), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977), and *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978). Without making any explicit findings, the trial court vacated Shaw's guilty plea and entered a plea of not guilty to all four counts. The court did not rule on Shaw's Motion in Arrest of Judgment; it stated that the issue was moot in light of its order vacating his guilty plea. This appeal followed.

II.

■ A. The threshold question is whether the district court's order is a "final decision" within the meaning of 28 U.S.C. § 1291 and thus appealable to this Court at this time. It is the law in this Circuit that the complete and final determination of a vindictive prosecution claim is subject to interlocutory appeal under the "collateral order" exception to the final judgment re-

1. Shaw's sentencing has been scheduled after the trials of his co-defendants. Under the plea agreement, Shaw is to testify at those trials.

To date, Shaw has indicated his willingness to continue to live up to the plea agreement by so testifying.

quirement. *United States v. Griffin*, 617 F.2d 1342 (9th Cir. 1980).

■ We disagree with the government that the issue of vindictive prosecution was raised by Shaw "in a transparent effort to invoke jurisdiction." Shaw claims that the government's Motion to Vacate his guilty plea was a vindictive response to his Motion in Arrest of Judgment. He properly raised the issue in opposition to the government's allegedly retaliatory motion. The district court effectively rejected Shaw's claim when it vacated the guilty plea and set Shaw for trial on all four counts of the indictment. Under *Griffin*, this Court now has jurisdiction to consider Shaw's vindictive prosecution claim.

■ B. This Court has held that "The right to due process of law is violated where the government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights." *United States v. Burt*, 619 F.2d 831, 836 (9th Cir. 1980). Once the defendant has shown that the charges against him have been increased after his exercising a statutory or constitutional right, an "appearance of vindictiveness" on the part of the prosecutor has been demonstrated. *United States v. Groves, supra*, 571 F.2d at 453. "[I]t is the *appearance of vindictiveness*, rather than *vindictiveness in fact*, which controls." *Id.* The burden then shifts to the prosecutor to show that any increase in the severity of the charges was not motivated by vindictiveness, but by independent reasons or intervening circumstances. *United States v. Ruesga-Martinez*, 534 F.2d 1367, 1369 (9th Cir. 1976).

■ In this case, the government freely admits that it moved to vacate Shaw's guilty plea in retaliation for Shaw's exercise of his right under the Federal Rules of Criminal Procedure to file a Motion in Arrest of Judgment after pleading guilty.[2]

The effect of the vacation of Shaw's guilty plea was to "up the ante" against him by depriving him of the bargained-for right to plead guilty to a single charge and have the remaining charges dismissed, and forcing him to go to trial on all four counts of the indictment. *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Thus, a *prima facie* case of vindictiveness has been shown.

The government attempts to justify its action by stating that it was calling the trial court's attention to a "miscarriage of justice," i. e., that Shaw had allegedly perpetrated a fraud on the court and the government by pleading guilty to a charge when he doubted the court's jurisdiction of the offense. We disagree. The purpose of a guilty plea is to remove the question of factual guilt from the case. *Menna v. New York*, 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975); *Launius v. United States*, 575 F.2d 770 (9th Cir. 1978). Clearly Shaw admitted that he did the acts which constituted the factual basis for the charge. The government adopts a position that would effectively deprive any defendant who pleads guilty of the right to file a Motion in Arrest of Judgment, but the plain language of Rule 34 preserves this right for those who plead guilty.

The government also argues that by seeking Rule 34 relief Shaw violated the terms of his plea agreement. Nothing in that agreement prohibits Shaw from challenging the court's subject matter jurisdiction. Furthermore, such an explicit prohibition would be unenforceable. Parties may not confer subject matter jurisdiction upon the court by either consent or waiver, and the defense of lack of subject matter jurisdiction may be raised at any time. *United States v. Heath*, 509 F.2d 16, 19 (9th Cir. 1974). We therefore conclude that the government has failed to dispel the appear-

2. Rule 34 states:

The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, *or after plea of guilty* or *nolo contendere*, or within such further time as the court may fix during the 7-day period. [Emphasis added.]

ance of vindictiveness and that the district court erred in granting the Motion to Vacate.

C.   Shaw contends that the minimum relief to which he is entitled is the vacation of the orders of the district court.   This relief is appropriate.   We order the district court to vacate Shaw's not guilty plea which it entered over his objection and to reinstate his guilty plea to the single count of bribery.   This, of course, again places squarely before the district court Shaw's Motion in Arrest of Judgment.

REMANDED for further proceedings.