**UNITED STATES of America,**

v.

**Samuel STOLON, Defendant.**

**No. CR 80–507.**

United States District Court,
E.D. New York.

Jan. 14, 1983.

Joel Cohen, Asst. Atty.-In-Charge, Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y. and Edward A. McDonald, Atty.-In-Charge, Organized Crime Strike Force, Brooklyn, N.Y.), for plaintiff.

Gold, Farrell & Marks by Martin R. Gold, New York City, for defendant.

MEMORANDUM & ORDER

PLATT, District Judge.

Defendant moves for an order, pursuant to Rule 34 of the Federal Rules of Criminal Procedure, arresting the judgment herein as against him, "on the ground that the indictment does not state facts sufficient to constitute an offense against the United States".

Rule 34 of the Federal Rules of Criminal Procedure provides that

The court on motion of a defendant shall arrest judgment if the indictment or

information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or *nolo contendere,* or within such further time as the court may fix during the 7-day period.

On November 5, 1982, defendant pleaded *nolo contendere* to Count 6 of the indictment which charged as follows:

> On or about and between the 9th day of June, 1978, and the 17th day of January, 1980, within the Eastern District of New York and elsewhere, the defendants, SAM GOODY, INC., GEORGE LEVY and SAMUEL STOLON, unlawfully, wilfully and knowingly and for purposes of commercial advantage and private financial gain, did infringe the copyright [of original movie sound track—Grease which was] first fixed and published with the requisite notice of copyright after February 15, 1972 and duly registered in the United States Copyright Office under the specified registration number pursuant to the provisions of Title 18 (sic), United States Code, in that the defendants, SAM GOODY, INC., GEORGE LEVY and SAMUEL STOLON, did wilfully and knowingly and for purposes of commercial advantage and private financial gain distribute and cause to be distributed to the public, unauthorized phonorecords of each specified copyrighted sound recording without the authorization of the [copyright owner]. (Title 17, United States Code, Sections 106(3) and 506(a)).

Section 506(a) of Title 17 of the United States Code provides that criminal copyright infringement occurs when a person "infringes a copyright wilfully and for purposes of commercial advantage or private financial gain".

Defendant's position on this motion is that "by repeated judicial admissions the government has confirmed that Mr. Stolon did not personally profit at all from the transaction placed in issue by Count 6 . . . [and that] these admissions effectively vitiate the allegation in Count 6 of the indict-

ment that Mr. Stolon 'for purposes of commercial advantage and private financial gain did infringe the copyright' in 'Grease' ". (Defendant's Memorandum, at 2). From this the defendant argues that "the government has conceded that Count 6 of the indictment cannot be charging the offense which it purports to charge." (*Id.* at 8).

Defendant argues further that this alleged "fatal flaw in the indictment cannot be waived", citing Rule 12(b)(2) of the Federal Rules of Criminal Procedure, 8A Moore Federal Practice § 34.02 at p. 34–2 (1982); *United States v. Heath,* 509 F.2d 16, 19 (9th Cir.1974) and *United States v. Shaw,* 655 F.2d 168, 171 (9th Cir.1981). (Defendant's Memorandum, at 8).

■ As the government points out, however, the indictment charges that the defendant "wilfully and knowingly and for purposes of commercial advantage and private financial gain" infringed the copyright. Moreover, the law is clear that in the case of a motion in arrest of judgment pursuant to Rule 34, a court may not look beyond the face of the "record", which consists of "no more than the indictment, the plea, the verdict . . . when the plea is 'not guilty' . . . and the sentence; it does not cover anything which took place 'in pays (sic)' ". *United States v. Bradford,* 194 F.2d 197, 201 (2d Cir.1952); *see also United States v. Sisson,* 399 U.S. 267, 280–82, 90 S.Ct. 2117, 2124, 26 L.Ed.2d 608 (1970) (plurality opinion of Harlan, J.); *Bond v. Dustin,* 112 U.S. 604, 608, 5 S.Ct. 296, 298, 28 L.Ed. 835 (1884); *United States v. Zisblatt,* 172 F.2d 740, 741–42 (2d Cir.), *app. dismissed on govt. motion,* 336 U.S. 934, 69 S.Ct. 750, 93 L.Ed. 1093 (1949); *United States v. Lias,* 173 F.2d 685 (4th Cir.1949); *Goldstein v. United States,* 73 F.2d 804 (9th Cir.1934); *Sutton v. United States,* 157 F.2d 661, 663 (5th Cir.1946); *United States v. Koon Wah Lee,* 6 F.R.D. 456, 458 (D.Haw. 1947). Moreover, the Supreme Court has expressly held that even though a stipulation adding particulars to an indictment might, if filed before the entry of a plea, oust the jurisdiction of the court, such a stipulation is ineffective when entered after the plea to import an issue as to sufficiency

of the indictment. *United States v. Norris,* 281 U.S. 619, 622–23, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930).[1] Furthermore, there is no question in this case but that the defendant acted for the commercial advantage of the defendant, Sam Goody, Inc., and/or its affiliated corporations. There was ample proof of this during the course of the trial, and in this Court's opinion, nothing more is required under the statute. Indeed, the statute does not specify or require that the commercial advantage or private financial gain (in a case, such as here, where one or more co-defendants are named) be that of each individual or corporate defendant for himself or itself, as the case may be.

■ Finally, whether or not the indictment *in haec verba* or by statutory reference charged the defendant as an aider and abettor and whether or not the Court charged the jury on this point are really irrelevant at this juncture for the reason that following a plea of *nolo contendere,* the Court may properly conclude that the defendant could be convicted as an aider and abettor even though not specifically charged as such in the indictment.

■ Accordingly, even if all of the government's alleged judicial admissions to the claimed effect that the defendant did not obtain any private financial gain from any infringement in this case are taken as true, nonetheless, the indictment does state facts sufficient to constitute an offense against the United States, and there was also ample proof at the trial to show that the defendant committed such an offense.

For the foregoing reasons defendant's motion for an order pursuant to Rule 34 of the Federal Rules of Criminal Procedure arresting the judgment herein as against him must be, and the same hereby is, denied.

SO ORDERED.

---

1. One of the reasons for this difference is illustrated by the circumstances of this particular case. In connection with his concurrent motion for modification and reduction of sentence pursuant to Rule 35 and for reassignment, defendant has made it clear that he does not wish to withdraw his plea pursuant to Rule 32(d). The net effect of a grant of this motion under Rule 34 might therefore be, not to restore the parties to their status quo before the entry of the plea and allow the prosecution to proceed on the now dismissed felony count but rather, to dismiss *all* charges against the defendant.

Quite apart from the obvious unfairness to the government, which can be said to have relied in the formation of the plea bargain on defense counsel's representation that he did not "intend to let [this] issue survive the taking of the plea"

(Tr. 10/15/82, p. 14), it should also be noted that this Court ruled against the defendant on essentially the equivalent issue (albeit not clothed in jurisdictional terms) at the end of the defendant's case at the trial (Tr. 3/30/81, pp. 3429–3432, 3670). Thus, in the absence of an appellate decision to the contrary, the government should have been entitled to rely on it in moving to dismiss the felony count immediately after the imposition of the sentence on the misdemeanor count.

For the above indicated reasons, if the defendant's motion were to be granted herein, in our view it should only be done on condition that the government be entitled to a withdrawal of the dismissal of the felony count. *Cf.: United States v. Shaw,* 655 F.2d 168, 171 -72 (9th Cir. 1981).