12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dallas R. MYERS, Defendant-Appellant.
 No. 93-5727.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1993.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Dallas R. Myers appeals a district court order denying his motion for relief from judgment filed under Fed.R.Civ.P. 60(b) and 65. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Myers was named in a three-count indictment based on his alleged participation in an armed bank robbery in Henry, Tennessee. He pleaded guilty to one count which charged using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c), and aiding and abetting, in violation of 18 U.S.C. Sec. 2. The remaining two counts were dismissed. On February 4, 1992, he was sentenced to ten years imprisonment and three years supervised release and ordered to pay restitution. He did not appeal his conviction or sentence.
 
 
 3
 On April 12, 1993, Myers filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b) and 65. Myers maintained that the federal district court lacked "competent subject matter or territorial jurisdiction" to impose the judgment of conviction. He maintained that none of the crimes with which he was charged was committed on land owned by the United States or on territory over which a state has ceded criminal jurisdiction to the United States. The motion was denied as frivolous.
 
 
 4
 Upon review, we conclude that the motion was properly denied. Myers is not entitled to relief from judgment pursuant to Fed.R.Civ.P. 60 and 65 because these rules do not apply in criminal proceedings. Although a challenge to a criminal judgment, on grounds the court lacked jurisdiction of the offense, is permitted under the Federal Rules of Criminal Procedure, such a challenge must be brought by the defendant within seven days of the guilty plea. See Fed.R.Crim.P. 34; United States v. Shaw, 655 F.2d 168, 170, 171 n. 2 (9th Cir.1981). Myers's motion, filed more than a year after entry of his guilty plea, was untimely.
 
 
 5
 When alternately construed as a motion to vacate sentence under 28 U.S.C. Sec. 2255, Myers's claim is frivolous. "Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. Sec. 3231; the permission of the states is not a prerequisite to the exercise of that jurisdiction." United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992) and 113 S.Ct. 1306 (1993). Summary dismissal was proper because it plainly appears from the face of the motion that Myers is not entitled to relief. See Rule 4(b), Rules Governing Section 2255 Proceedings.
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.