STATE of Oklahoma, Appellant,

v.

Brock Kenyon LITTLECHIEF, Appellee.

No. O-77-107.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1978.

ORDER AFFIRMING DISMISSAL

Brock Kenyon Littlechief was charged by information with Murder in the Second Degree in the District Court, Caddo County, on the 11th day of November, 1975. Thereafter, a motion to dismiss said information was filed and a hearing held thereon on August 10, 1976, at the conclusion of which the court sustained the motion to dismiss, finding as he did so that the lands upon which the homicide occurred were within lands defined as Indian Land, and that the State of Oklahoma was without jurisdiction to prosecute the defendant. Thereafter, the State of Oklahoma filed an appeal with this Court, but the issue sought to be raised has been determined by an order entered by the United States District Court for the Western District of Oklahoma, a copy of which is attached hereto and made a part hereof.

We find that the issue sought to be raised has been determined by the Honorable Fred Daugherty, and that said determination is binding on the State of Oklahoma since it involves the construction and application of Federal Statutes, to wit: Act of August 15, 1953, Public Law No. 83–280, 67 Stat. 588; and Title IV of the Civil Rights Act of 1968, 25 U.S.C. §§ 1321 through 1326. Said determination is binding on the State of Oklahoma unless and until it is overturned by the United States Court of Appeals for the Tenth Circuit or the Supreme Court of the United States. Although not discussed in this order we acknowledge the excellent brief filed by Mr. F. Browning Pipestem and Mr. William Douglas Giessmann on behalf of United Indian Tribes of Western Oklahoma and Kansas as amicus curiae.

In accordance with the order entered by the Honorable Fred Daugherty on November 7, 1977 the order of the District Court, Caddo County, Case No. CRF–75–162 is AFFIRMED.

WITNESS OUR HANDS, and the Seal of this Court this 4th day of January, 1978.

HEZ J. BUSSEY, P. J.
TOM R. CORNISH, J.
TOM BRETT, J.

UNITED STATES OF AMERICA, Plaintiff,

v.

BROCK KENYON LITTLECHIEF, Defendant.

No. CR–76–207–D.

United States District Court,
W. D. Oklahoma.

Nov. 7, 1977.

ORDER DENYING "MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTION"

DAUGHERTY, Chief Judge.

The defendant is charged with Murder. The jurisdictional question presented is whether the crime charged occurred within "Indian country" as defined by the statutes of the United States. It is conceded that the land where the alleged murder took place is what is commonly referred to as Indian Trust Land. It is part of an original Kiowa Allotment and is held in trust for the Kiowa Tribe by the federal government.

The term "Indian Country" is defined in 18 U.S.C. § 1151 as follows:

"Except as otherwise provided in sections 1154 and 1156 of this title, the term 'Indian country', as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same."

There can be no doubt that the land in question is embraced within section 1151(c).

The Supreme Court has held that a "trust allotment" is "Indian country" within the meaning of the statutes. *United States v. Ramsey*, 271 U.S. 467, 46 S.Ct. 559, 70 L.Ed. 1039 (1926). In *DeCoteau v. District County Court*, 420 U.S. 425, 428, 95 S.Ct. 1082, 1085, 43 L.Ed.2d 300 (1975) the court announced:

> "It is common ground here that Indian conduct occurring on the trust allotments is beyond the State's jurisdiction, being instead the proper concern of tribal or federal authorities."

The defendant's reliance on *Ellis v. State*, 386 P.2d 326 (Okl.Crim.App.1963), cert. denied, 376 U.S. 945, 84 S.Ct. 801, 11 L.Ed.2d 768 is misplaced. There the Oklahoma court held that the State had jurisdiction over an Indian who had committed murder on ceded land. These were lands formerly within the Cheyenne-Arapaho reservation which by the Allotment Agreement of October 31, 1890 between the tribes and the United States which was ratified by the Act of March 3, 1891 section 13, 26 Stat. 1022 (1891) the tribes agreed to "cede, convey, transfer, relinquish and surrender forever and absolutely, without any reservation whatsoever, express or implied, all their claim, title and character, in and to the lands . . ." to the United States subject to allotments and the payment of $1,500,000.

Under the Act of August 15, 1953, Public Law No. 83–280, 67 Stat. 588 (1953) (hereinafter Public Law 83–280), the Congress gave the States permission to assume criminal and civil jurisdiction over any "Indian country" within their borders without the consent of the tribe affected. Title IV of the Civil Rights Act of 1968, 25 U.S.C. §§ 1321–1326 (hereinafter Title IV), changed the procedure set out in Public Law 83–280 and required the consent of the Indians involved before a State was permitted to assume criminal and civil jurisdiction over "Indian country". See 25 U.S.C. §§ 1321(a) and 1322(a). Like section 6, Public Law 83–280, 25 U.S.C. § 1324 gave States with legal impediments to the assumption of jurisdiction under Title IV permission to amend their constitutions and statutes to remove any such impediments and provided that the assumption of jurisdiction by such a State should not be effective until the required amendments had been made. Article I, Section 3 of the Oklahoma Constitution constitutes a legal impediment. See H.R.Rep. No. 848, 83d Cong., 1st Sess., reprinted in [1953] U.S. Code Cong. & Admin.News p. 2409. Under the provisions of Public Law 83–280 it appears therefore that the State of Oklahoma could have unilaterally assumed jurisdiction over any "Indian country" within its borders at any time between 1953 and 1968 had the Oklahoma Constitution been amended as required. After the enactment of Title IV in 1968 Oklahoma had to amend its constitution *and* the affected tribes had to consent to the State's assumption of jurisdiction over them before the State could acquire jurisdiction over "Indian country". See *McClanahan v. Arizona State Tax Commission*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973); *Kennerly v. District Court*, 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971). However, the State of Oklahoma apparently has never acted pursuant to Public Law 83–280 or Title IV and assumed jurisdiction over the "Indian country" within its borders. See *Confederated Bands and Tribes of the Yakima Indian Nation v. Washington*, 550 F.2d 443 (CA9 1977) at note 3.

Accordingly, since the Indictment charges an offense which did occur within "Indian country" this court does have jurisdiction and the "Motion to Dismiss Indictment for Lack of Jurisdiction" will be overruled.

IT IS SO ORDERED.