The **STATE** of Oklahoma, Appellant,

v.

**Dick Earl KLINDT, Appellee.**

No. S–84–781.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1989.

402

David L. Moss, Dist. Atty., Susan K. Morgan, Cary W. Clark, Asst. Dist. Attys., for appellant.

John G. Ghostbear, Tulsa, for appellee.

Susan Work Haney, Oklahoma City, amicus curiae.

## OPINION

BRETT, Judge:

This is an appeal by the State from an order of the Tulsa County District Court dismissing appellee's charges for the reason the court found that it was without jurisdiction to hear the charges. The basis for that holding was that the offenses occurred on "Indian Country." On November 6, 1986, this Court consolidated this appeal with that of *State v. Chester Lee Brooks, a/k/a Achisson Amenshi and Larry Joe Brooks,* No. S–85–117, and filed an opinion for publication. On December 1, 1986, appellee filed a petition for rehearing, which was granted on July 26, 1988, and the opinion was withdrawn. On October 14, 1988, an opinion was filed in *State v. Brooks,* 763 P.2d 707 (Okl.Cr.1988). We now consider the matter of *State v. Klindt.*

Appellee Klindt was charged in Tulsa County District Court, in Case No. CRF–82–821, for Assault With a Dangerous Weapon, and in CRM–82–538 for Interfering With an Officer. These alleged offenses occurred at a "smoke shop" operated by the Delaware Tribe. The land is leased by the Delaware Tribe from Agnes Tiblow Washington, a full-blood Cherokee Indian. The land is held in trust for the United States of America with a life estate reserved in Mrs. Washington. The land was part of an original allotment by the Cherokee Indian Nation to Mrs. Washington's mother, a full-blood Cherokee Indian. The court sustained appellee's motion to dismiss holding that it lacked jurisdiction because the offenses occurred on "Indian Country." Appeal was taken to this Court by the State.

Jurisdiction over Indian Country has been given to either the states or the federal government through statutes. The

Act of August 15, 1953, Pub.L. No. 83–280, 67 Stat. 588 (1953) provided the states permission to assume criminal and civil jurisdiction over any "Indian Country" within the borders of the state. Under this public law, Oklahoma could have, without the consent of the affected Indians, assumed jurisdiction over any Indian Country in the state by constitutional amendment. Because of Title IV of the Civil Rights Act of 1968, 25 U.S.C. §§ 1321–1326 (1970), however, the consent of the affected Indians is now required before a State is permitted to assume criminal and civil jurisdiction over "Indian Country." *See* 25 U.S.C. §§ 1321(a) and 1322(a) (1970); *State v. Littlechief,* 573 P.2d 263 (Okl.Cr.1978). The State of Oklahoma has never acted pursuant to Public Law 83–280 or Title IV of the Civil Rights Act to assume jurisdiction over the "Indian Country" within its borders. *See, C.M.G. v. State,* 594 P.2d 798 (Okl.Cr. 1979) *cert. denied,* 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 421 (1979); *State v. Burnett,* 671 P.2d 1165 (Okl.Cr.1983); *State ex rel. May v. Seneca–Cayuga Tribe,* 711 P.2d 77 (Okl.1985). Accordingly, the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country.

Appellee challenged the trial court's jurisdiction before trial on his felony charge in Case No. CRF–82–821. He had been bound over for trial after a preliminary hearing. He asserted the court was without jurisdiction to try him because the "smoke shop" is located on "Indian Country." However, there was no evidence in the record as to appellee Klindt's status as an Indian.

■ Appellee Klindt contends that he has no affirmative duty to prove his status as an Indian, and that his status as an Indian is not relevant to the outcome of this case. We disagree. Proof of one's status as an Indian under federal Indian law is necessary before one can claim exemption from prosecution under state law. *Goforth v. State,* 644 P.2d 114 (Okl.Cr. 1982). This is necessary because federal jurisdiction over crimes committed in Indian Country does not extend to crimes committed by non-Indians against non-Indians.

*United States v. McBratney,* 104 U.S. 621, 26 L.Ed. 869 (1882); *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978).

Appellee Klindt cites *State v. Burnett,* 671 P.2d 1165, as authority for this proposition. Although one of the defendants in *Burnett* was not an Indian, we align our holding in the instant case with the weight of authority holding that one's status as an Indian is a factor in determining jurisdiction. *See McBratney,* 104 U.S. at 621; *Wheeler,* 435 U.S. at 325, 98 S.Ct. at 1087; *New York ex rel. Ray v. Martin,* 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261 (1946); *Draper v. United States,* 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419 (1896); *Tooisgah v. United States,* 186 F.2d 93 (10th Cir.1950); *Norvell v. Sangre De Cristo Development Company, Inc.,* 372 F.Supp. 348 (D.N.M. 1974); *Goforth v. State,* 644 P.2d at 116; *State ex rel. May v. Seneca–Cayuga Tribe,* 711 P.2d 77. Any portion of *Burnett* inconsistent with this opinion is overruled. *See State v. Burnett,* 671 P.2d 1165.

We suggest that in future cases a defendant's status as an Indian be proved when he challenges the state court's jurisdiction. This procedure would save time since proof of status as an Indian may be the determining factor in a case similar to the one at bar.

■ We now turn to the question of whether the trial court abused its discretion in dismissing the causes against appellee for lack of jurisdiction. The State bases its arguments for jurisdiction on *Ex Parte Nowabbi,* 60 Okl.Cr. 111, 61 P.2d 1139 (1936). In *Nowabbi,* this Court held that the state court had jurisdiction to prosecute a Choctaw Indian for murdering a Choctaw Indian on the victim's restricted allotment. The Court reached this result by concluding that a 1906 amendment to the General Allotment Act precluded Indian Country jurisdiction in the so-called Indian Territory which is now eastern Oklahoma. *Id.,* 61 P.2d at 1156.

The holding in *Nowabbi* is inconsistent with the Oklahoma Supreme Court's holding in *Seneca–Cayuga.* In *Seneca–Cayuga,* the Court held that a tribal allotment to

the Quapaw and Seneca–Cayuga Tribes is Indian Country even though the land is located in eastern Oklahoma. *See Seneca–Cayuga*, 711 P.2d at 82. Under *Nowabbi* the land could not have been "Indian Country" because the *Nowabbi* Court held that allotted lands which were located in what had been "Indian Territory" before statehood were not "Indian Country" under federal law. *Nowabbi*, 61 P.2d at 1156. We resolve this inconsistency in favor of the holding in *Seneca–Cayuga*. There is ample evidence to indicate that the *Nowabbi* Court misinterpreted the statutes and cases upon which it based its opinion. *See* F. Cohen, *Federal Handbook of Indian Law*, 778 n. 84 (1982 ed). Furthermore, the 1948 Federal Indian Country statutes have attempted to extinguish existing doubts in favor of federal jurisdiction in an attempt to make a uniform rule. *See* 18 U.S.C. §§ 1151–1153 (1982); *see also United States v. John*, 437 U.S. 634, 98 S.Ct. 2541, 57 L.Ed.2d 489 (1978) (federal law applied to Choctaws in Mississippi); *Moe v. Confederated Salish and Kootenai Tribes*, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976) (existing state law superceded by federal statutes). *Nowabbi* is hereby overruled.

We have examined the record and find the trial court did not abuse its discretion in finding that the lands in question are Indian Country as defined by 18 U.S.C. § 1151(c).

Regarding Appellee Klindt, however, there is no record to indicate whether he is an Indian, a crucial factor in determining whether the state court had jurisdiction. If Klindt's status as an Indian were established, the record should be made to so reflect and the trial court's ruling shall be affirmed. If the trial court decided the jurisdictional issue without Klindt's having established that he is an Indian, the trial court abused its discretion in dismissing the action. If that be the case, the order of dismissal shall be vacated and a proper determination made. If Klindt establishes that he is an Indian, the case shall then be dismissed. If no such showing is made, the case may be tried. *See State v. Durham*, 545 P.2d 805 (Okl.Cr.1976). Tulsa County

Case Nos. CRM–82–538 and CRF–82–821 are REMANDED with directions.

LANE, V.P.J., concurs.

PARKS, P.J., concurs in result.

LUMPKIN, J., specially concurs.

PARKS, Presiding Judge, concurs in result:

Appellee claims that 18 U.S.C. § 1152 excludes him from the jurisdiction of the State. 18 U.S.C. § 1152 provides:

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country. This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipultions, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

Appellee is using the exclusionary language of this section as an affirmative defense. The general rule is that once a criminal defendant satisfies his burden or production with respect to an affirmative defense, the prosecution must prove the inapplicability of this defense beyond a reasonable doubt. *United States v. Guess*, 629 F.2d 573, 577 n. 4 (9th Cir.1980).

Appellee should only be required to *produce evidence* that he is a member of a federally recognized tribe. Thereafter, the ultimate burden or proof remains on the prosecution. *See United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir.1983). Therefore, I disagree with the majority opinion to the extent that it requires appellee to "establish" that he is an Indian. The ultimate burden or proving appellee's status rests with the State.

LUMPKIN, Judge, specially concurring.

I concur with the Court's decision in this case and write to address the factors which must be considered by the trial court in determining if Appellant is an Indian under federal law.

This Court has set forth two elements which must be satisfied before the status of an individual can be determined. *See Goforth v. State*, 644 P.2d 114 (Okl.Cr. 1982). In *Goforth* the Court held that the Appellant must establish (1) that he has a significant percentage of Indian blood, and (2) he must be recognized as an Indian either by the federal government or by some tribe or society of Indians. 644 P.2d at 116. This burden of proof must be met by the person seeking to claim the status.