**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARKELL ARCHILTA,

        Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

        Respondent-Appellee.

No. 04-6125

(W.D. of Okla.)

(D.C. No. CV-04-162-R)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

---

        Petitioner-Appellant Markell Archilta, a state prisoner appearing *pro se* , appeals the dismissal of his "Petition for Extraordinary Writ." The district court construed Archilta's petition as (1) seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 and (2) asserting a federal claim under either 42 U.S.C. § 1983 or 28 U.S.C. § 1331. The district court dismissed the habeas elements of the petition

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

for failure to exhaust state court remedies, and dismissed the remaining elements under 28 U.S.C. § 1915(e)(2)(B). Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, we agree with the district court's construction of the petition, deny Archilta's request for a certificate of appealability (COA), and affirm the dismissal of the case.

## Background

Archilta is a Native American incarcerated in an Oklahoma prison after being sentenced to six, concurrent, thirty-year sentences for felony convictions in April 1990. [R/R at 2] In February 2004, Archilta sought an "Extraordinary Writ" in the district court pursuant to 28 U.S.C. §§ 1343(a) and 1651, contending that his constitutional and treaty rights had been violated by Oklahoma's arrest, prosecution, and incarceration of him for crimes committed on Indian lands over which Oklahoma has no criminal jurisdiction. He also sought class representative status on behalf of all other Oklahoma citizens who are Native Americans and are incarcerated in Oklahoma prisons for crimes committed in Oklahoma. Archilta named as defendants "the State of Oklahoma and unknown Officials (State, County, City) who are citizens of the State of Oklahoma, and [are] employed as a State, County, City employee."

A magistrate judge recommended that the petition be dismissed for two reasons. First, he concluded that the portion of the petition challenging

Oklahoma's jurisdiction should be dismissed without prejudice because it failed to establish either that Archilta had exhausted state remedies or that an exception to the exhaustion requirement applied. Second, to the extent the petition sought relief based on Archilta's allegedly unconstitutional convictions, the magistrate judge found it should be construed to assert a claim under 42 U.S.C. § 1983 and be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court adopted the recommendations in their entirety.

## Discussion

On appeal, Archilta raises several challenges to the decision of the district court. First, he claims that the court erred by construing his pleadings as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and for dismissing his action for failure to exhaust state remedies. Second, he argues that the court erred by construing his pleadings as raising a § 1983 claim and dismissing them based on Eleventh Amendment immunity. Finally, Archilta seeks clarification regarding the district court's denial of his class action request, asks this court to appoint counsel, and asserts the district court erred in declining to consider his amended objections to the magistrate judge's recommendations.

## I. Habeas Corpus Claim

*A. Applicability of § 2254*

Although Archilta filed the petition for an "Extraordinary Writ" pursuant to 28 U.S.C. §§ 1343(a) and 1651, the district court construed it in part as a § 2254 habeas corpus petition because it "clearly seeks habeas corpus relief in the form of Petitioner's release from [state custody] and the invalidation of his convictions." [R/R at 2] Archilta nonetheless argues on appeal that the extraordinary nature of his case indicates that § 2254 does not apply. Specifically, he contends (1) that claims for treaty violations are not typical, (2) he would have filed a § 2254 petition if he had intended to do so, and (3) the petition "at its core" does not seek to challenge his convictions or sentence, "but rather seeks answers to federal questions of law." [Br. at 9]

Reviewing de novo the district court's determination that § 2254 applies to the petition, *see United States v. Fillman*, 162 F.3d 1055, 1056 (10th Cir. 1998) ("[w]e review de novo the district court's interpretation of a federal statute"), we hold that the district court properly construed the petition as seeking a writ of habeas corpus pursuant to § 2254.

The petition filed in the district court sought relief in the form of a declaratory judgment that "[a]ll State Judgment and Sentences are Void for want of Jurisdiction over Indians whose crime was committed in Indian Country as defined by federal Law." [Petition at 16] Thus, Archilta seeks to void his sentence and be released from prison. As a result, his sole avenue of federal

relief is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that where state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus); *see also Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.") (alteration added).

B. *Dismissal of the habeas claim for failure to exhaust state remedies*

Archilta contends that even if the district court properly construed the petition in part as raising a § 2254 claim, he is entitled to a COA on the question whether the district court properly dismissed the claim for failure to exhaust state remedies. This court may only issue a COA if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). Where a district court dismisses a petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Though the petitioner must satisfy each prong of this test in order for this court to hear his appeal, we are free to dispose of the application on an issue "whose answer is more apparent from the record and arguments." *Id.* at 485.

The district court dismissed the § 2254 claim after determining that (a) Archilta failed to establish exhaustion of state remedies, and (b) he did not show an exception to the exhaustion requirement should apply. Archilta argues, as he did before the district court, that requiring him to return to the state courts is futile because the courts do not have jurisdiction over him as an Indian who allegedly committed his crimes on Indian land. He further argues that pursuant to the Medicine Lodge Peace Treaty of 1867 he has already exhausted the only administrative process required by filing a complaint with the Bureau of Indian Affairs.

After thoroughly reviewing the record in this case, we agree that Archilta has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. We have already determined that the district court properly construed the petition as asserting a § 2254 claim. As such, the petition is subject to the exhaustion requirements of § 2254(b)(1). Archilta has failed either to establish that he exhausted the remedies available in

the Oklahoma state courts or that his failure to exhaust should be otherwise excused. *See Miranda v .Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (state habeas petitioner has burden of establishing exhaustion or application of exception to exhaustion requirement).

Archilta's claim that returning to the state courts would be futile because Oklahoma does not have jurisdiction over him as an Indian who committed crimes on Indian land begs the initial question as to whether the crimes were in fact committed on Indian land. As determined by the district court, Oklahoma state courts can and do determine whether they have jurisdiction over Indians for crimes allegedly committed in Indian Country. *See, e.g.*, *Cravatt v. State*, 825 P.2d 277, 280 (Okla. Crim. App. 1992) (resolving jurisdictional question for crime committed in Indian Country); *State v. Klindt*, 782 P.2d 401, 403 (Okla. Crim. App. 1989) (stating general rule that "the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country"); *see also DeCoteau v. District County Court*, 420 U.S. 425, 427–28 (1975) (holding South Dakota state courts properly exercised jurisdiction over acts by Indians not occurring on Indian land).

Furthermore, the district court also properly declined to determine the applicability of the one-year period of limitations for filing a habeas petition pursuant to § 2254. *See* 28 U.S.C. § 2244(d)(1). As indicated by the court,

Archilta is eligible to petition for an appeal out of time under Oklahoma law, *see* Okla. Stat. Ann., tit. 22, Ch. 18, App., Rule 2.1(E), which, if granted, would effectively restart the filing period under § 2244(d)(1). *See Orange v. Calbone*, 318 F.3d 1167, 1173 (10th Cir. 2003). We, therefore, affirm the district court's dismissal without prejudice of the portion of the petition properly construed as a § 2254 habeas application.

## II. Injunctive and Declaratory Relief Claims

The magistrate judge construed the petition in part to assert a claim for damages or equitable relief under 42 U.S.C. § 1983. The district court noted that claims for treaty-based rights may be cognizable under § 1983. However, the court ultimately determined that the claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and the Eleventh Amendment regardless of whether they were construed under § 1983 or as federal claims over which the court had jurisdiction under 28 U.S.C. § 1331.

Archilta's claim that the district court erred in determining that § 1983 applied to his petition misconstrues the court's order. Though the district court adopted the magistrate judge's recommendations in their entirety, and the magistrate judge found § 1983 applicable, the district court's order concluded that whether cognizable under § 1983 or § 1331, the claims seeking damages as well as equitable relief were barred under the reasoning of *Heck*. We decline at this

time to determine whether claims alleging violations of treaty rights may be brought under § 1983 and instead adopt the approach of the district court. As such, whether construed under § 1983 or § 1331, we hold that the district court properly found the claims barred under *Heck*.

*Heck* teaches that where a state prisoner brings a claim seeking damages for an allegedly unconstitutional conviction, the claim is not cognizable under § 1983 and must be dismissed unless plaintiff can demonstrate that the conviction has already been invalidated. *See* 512 U.S. at 486–87. The Supreme Court extended the rationale of *Heck* to encompass a § 1983 claim seeking declaratory relief in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), and this court has previously applied *Heck* to bar 42 U.S.C. §§ 1983 and 1985 claims seeking declaratory and injunctive relief. *See Lawson v. Engleman*, No. 03-7012, 2003 WL 21300347, *1, *1 n.2 (10th Cir. 2003) (unpublished opinion).

Here, Archilta seeks relief in multiple forms, including, a "Procedure Provided by the Court for Compensation, Punitive or otherwise for Injury, Loss, Violation of rights, protections and immunities of each Individual Indian, against each Official State, County, City, other Bad Men/White Men" and "Return of any/all Money, Property, Equity Illegally/Unlawfully taken from Indians." Though the petition is nebulous, we interpret these claims for damages and equitable relief as necessarily implying the invalidity of Archilta's convictions.

Therefore, whether we construe the applicable cause of action under § 1983 or §

1331, the rationale of *Heck* applies to bar the claims. *See Beck v. City of

Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (noting that *Heck*

should apply "when the concerns underlying *Heck* exist," which include "those

claims that would necessarily imply the invalidity of any conviction"). Since

Archilta's claims necessarily imply the invalidity of his convictions and he cannot

demonstrate that his convictions have already been invalidated, the district court

properly held that the claims must be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B) for failure to state a claim.

Archilta also contends that the district court erroneously excluded his

claims against state officials under the Eleventh Amendment because state and

local officials are only entitled to qualified immunity. This argument also

misconstrues the district court's decision. The court only found the Eleventh

Amendment applicable to the damages claims against the state itself. The court

barred all other claims for damages and equitable relief, including those against

the state and local officials, under *Heck*. Hence, Archilta's qualified immunity

argument is without merit because the court did not find the officials entitled to

immunity. Accordingly, we affirm the district court's determination that the state

is immune from suit for damages under the Eleventh Amendment, *see Edelman v.*

*Jordan*, 415 U.S. 651, 662–63 (1974), and the dismissal of the petition pursuant to § 1915(e)(2)(B).

**III. Other Claims**

*A. Request for class action certification*

As discussed above, Archilta's claims for damages and equitable relief are barred by *Heck* and the Eleventh Amendment. He furthermore has failed to meet the requirements of Fed. R. Civ. P. 23(a) and (b) for class certification. Therefore, the district court's denial of his request for class action certification is affirmed.

*B. Request for court appointed counsel*

Appointment of counsel is within the discretion of the district court and only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned. *See McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985). Here, Archilta has failed to establish that the lack of counsel resulted in a fundamentally unfair disposition of his case. *See United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973) (burden on applicant to establish appointment of counsel warranted). Thus, the district court's denial of the request for counsel is affirmed.

*C. Archilta's amended objections*

Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Okla. R. 72.1, Archilta had until March 16, 2004 to file objections to the magistrate judge's findings. He first filed objections on March 16, which the district court considered in ruling on the petition. According to the district court's docket, Archilta filed amended objections on March 26, which the district court ordered stricken as untimely. He argues on appeal that the district court erred in refusing to consider his amended objections because he placed the objections into the care of institutional staff in a timely manner on April 24, 2004.[1] [Br. at 8]

Failure to make a timely objection to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). However, this rule is inapplicable either when the interests of justice so dictate or "when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." *Id*. We have reviewed Archilta's amended objections and conclude that the interests of justice do not dictate that the objections be considered in disposing of this case since they too are without merit. Further, Archilta's pro se status does not alter this

---

[1]We assume, based on the fact that the district court ordered the amended objections stricken on March 31, 2004, Archilta is actually claiming that he filed the objections on March 24. Even if this is true, the filing occurred after the March 16 deadline and the district court properly concluded that the amended objections were untimely.

determination because the magistrate judge's report made clear that failure to reply in a timely manner would constitute waiver. [R/R at 8]  Therefore, we hold that the district court properly declined to consider the amended objections.

## Conclusion

For the foregoing reasons, we affirm the district court's dismissal of the case and deny Archilta's request for a COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge