OSCN Found Document:STATE v. CROSSON

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE v. CROSSON
2023 OK CR 18
Case Number: MA-2023-623
Decided: 11/16/2023
STATE, Petitioner v. CROSSON, Respondent.

Cite as: 2023 OK CR 18, __ __

 

STATE OF OKLAHOMA, ex rel., MATTHEW J. BALLARD, DISTRICT ATTORNEY, TWELFTH PROSECUTORIAL DISTRICT, Petitioner,
v.
HONORABLE TERRELL CROSSON, SPECIAL JUDGE, TWELFTH JUDICIAL DISTRICT, Respondent.

O P I N I O N

MUSSEMAN, JUDGE:

¶1 On July 27, 2023, the State filed a petition for writ of mandamus seeking to compel Respondent, the Honorable Terrell Crosson, Special Judge, to issue an arrest warrant in the District Court of Rogers County Case No. CF-2023-226. For the reasons discussed below, the writ is GRANTED.

PROCEDURAL HISTORY

¶2 The State charged the defendant with manufacturing, possessing, and distributing child pornography. On June 29, 2023, Judge Crosson declined to sign a warrant for the arrest of the defendant. Specifically, Judge Crosson found that there was probable cause the defendant committed the crimes of Manufacturing Child Pornography in violation of 21 O.S. § 1021.2; Distribution of Child Pornography in violation of 21 O.S. § 1021; and Possession of Child Pornography in violation of 21 O.S. § 1024.2; and that defendant committed these crimes within Rogers County, Oklahoma. However, Judge Crosson also found that the offense occurred within the historical bounds of the Cherokee Nation; that the Cherokee Nation's reservation had not been disestablished; and that the defendant is an enrolled member of the Navajo Nation, a federally recognized tribe, with a Certificate of Degree of Indian Blood.

¶3 In light of the foregoing, Judge Crosson declined to issue the arrest warrant, finding that the State lacked jurisdiction to prosecute the defendant and that the court lacked jurisdiction to issue the arrest warrant. Moreover, the court found jurisdiction lay with the Federal Government and the Cherokee Nation since the crimes alleged did not fall under the federal Major Crimes Act, 18 U.S.C. § 1153.

¶4 The State filed a petition for a writ of mandamus from this Court on July 27, 2023, seeking to require Respondent to issue the arrest warrant. On August 1, 2023, we directed a response from Judge Crosson, or his designated representative. On August 31, 2023, Judge Crosson's designated representative, Chad Johnson, filed a response in this Court.

ANALYSIS

¶5 To receive extraordinary relief via a writ of mandamus, a petitioner must establish that "(1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief." Rule 10.6(B), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2023).

¶6 Regarding the issuance of an arrest warrant in Oklahoma,

[w]hen a complaint, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest.

22 O.S.2021, § 171. A review of the record before us in this case reveals that the State satisfied each of the requirements of Section 171 and Judge Crosson specifically found probable cause the defendant committed manufacturing, possession, and distribution of child pornography. This triggered the plain legal duty that "he must . . . issue a warrant of arrest" that he then refused to perform and the coordinating clear legal right to relief for the State. Id. This is where Judge Crosson's inquiry should have ended.

¶7 The parties advance numerous arguments surrounding the effect of Castro-Huerta[1] on a magistrate's decision to issue a warrant. While these arguments will undoubtedly play out in the trial court, it is our holding that they should be resolved by our adversarial system, not the limited ex parte review of a magistrate in considering the issuance of an arrest warrant. That decision simply begins and ends with Section 171.

¶8 Finally, no other relief appears adequate to address the widespread impact of the error below. Mandamus relief is appropriate to not only cure the error, but also to allow for the full litigation of the parties' jurisdictional dispute.

DECISION

¶9 Petitioner's application for extraordinary writ is GRANTED. The matter is REMANDED to the Rogers County District Court for proceedings not inconsistent with this order. The motion of the Cherokee Nation for leave to file an amicus curiae brief in support of Respondent is DENIED.

A WRIT OF MANDAMUS FROM THE DISTRICT COURT OF 
ROGERS COUNTY, THE HONORABLE TERRELL CROSSON,

SPECIAL JUDGE

 
 
 
 APPEARANCES IN
 DISTRICT COURT
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 MATTHEW J. BALLARD
 DISTRICT ATTORNEY

 JOY THORP
 FIRST ASSISTANT DISTRICT
 ATTORNEY
 200 S. LYNN RIGGS BLVD.
 CLAREMORE, OK 74017
 ATTORNEY FOR STATE
 
 
 MATTHEW J. BALLARD
 DISTRICT ATTORNEY
 JOY THORP
 FIRST ASSISTANT DISTRICT
 ATTORNEY
 200 S. LYNN RIGGS BLVD.
 CLAREMORE, OK 74017
 ATTORNEY FOR PETITIONER
 
 
 
 
 HON. TERRELL CROSSON
 SPECIAL JUDGE
 ROGERS COUNTY DISTRICT COURTHOUSE
 200 S. LYNN RIGGS BLVD.
 CLAREMORE, OK 74017
 
 
 CHAD JOHNSON
 OK INDIGENT DEFENSE
 P.O. BOX 926
 NORMAN, OK 73070
 DESIGNATED REPRESENTATIVE FOR
 RESPONDENT
 
 
 

 

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Specially Concur
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur

FOOTNOTES

[1] Oklahoma v. Castro-Huerta, 597 U.S. __, 142 S. Ct. 2486 (2022).

 

 

ROWLAND, P.J., SPECIALLY CONCURRING:

¶1 I concur with today's opinion, and I write separately to more fully explain my reasons for so doing.

¶2 First, although the record here shows this defendant is a member of the Navajo Nation, in some cases the question of whether one is Indian for purposes of criminal jurisdiction will be unknown or ambiguous. For instance, even one who is not currently an enrolled tribal member may be recognized as Indian if they can show recognition by a federally recognized tribe by availing themselves of tribal services and customs. See Wadkins v. State, 2022 OK CR 2, ¶ 18, 504 P.3d 605, 612, ("While eligibility for tribal membership alone is insufficient to prove recognition, Wadkins's subsequent enrollment coupled with the other factors, specifically his possession of a CDIB card since childhood and receipt of Indian health services, showed he was recognized as Indian by the Choctaw Nation."), cert. denied, 143 S. Ct. 343 (2022). It would approach the impossible for a magistrate to resolve this issue in an ex parte proceeding reviewing only the affidavit and proposed arrest warrant.

¶3 Second, even where, as here, the suspect is Indian, it would be unwise and unworkable to place upon the magistrate the burden of determining which sovereign or sovereigns have ultimate prosecution authority over the case. Until recently, it was settled law that the State of Oklahoma lacked jurisdiction to prosecute crimes committed by or against Indians in Indian Country. State v. Klindt, 1989 OK CR 75, ¶¶ 1-3, 782 P.2d 401, 402-03. But that analysis has become more complicated after the U.S. Supreme Court's decision in Oklahoma v. Castro-Huerta, where the majority held that 18 U.S.C. § 1152, known as the General Crimes Act, does not preempt Oklahoma's jurisdiction over non-Indians who commit crimes on a reservation. Oklahoma v. Castro-Huerta, 597 U.S. ___, 142 S. Ct. 2486, 2495 (2022) (footnote omitted) ("Under the General Crimes Act, therefore, both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country. The General Crimes Act does not preempt state authority to prosecute Castro-Huerta's crime."). Although Castro-Huerta involved a non-Indian, the Supreme Court made clear that the text of this statute would not preempt state jurisdiction against an Indian in similar circumstances:

To the extent that a State lacks prosecutorial authority over crimes committed by Indians in Indian country (a question not before us), that would not be a result of the General Crimes Act. Instead, it would be the result of a separate principle of federal law that, as discussed below, precludes state interference with tribal self-government. . . . White Mountain Apache Tribe v. Bracker, 448 U.S. 136, 142--143, 145, 100 S. Ct. 2578 (1980); McClanahan v. Arizona Tax Comm'n, 411 U.S. 164, 171--172, 93 S. Ct. 1257, 36 L.Ed.2d 129 (1973).

Id. at 2495 n.2. Thus, under the General Crimes Act, courts must now apply the so-called Bracker balancing test to determine if state jurisdiction is preempted in cases of crimes committed by Indians in Indian Country. This, again, is not the sort of thing a magistrate could reasonably be expected to do when a law enforcement officer presents an ex parte application for an arrest warrant.

¶4 Third, the various tribes in Oklahoma have signed "hundreds of cross-deputization agreements allowing local law enforcement to collaborate with tribal police." Oklahoma v. Castro-Huerta, 142 S. Ct. at 2524 (Gorsuch, J. dissenting). Thus, many and perhaps most of the officers seeking arrest warrants in Eastern Oklahoma have authority to make a warrantless arrest, even of Indian suspects, in instances where no warrant is required by law. A rule which limits the authority of a magistrate to issue an arrest warrant could have the unintended consequence of encouraging officers to pursue warrantless arrests rather than seeking a warrant when the Indian status of the suspect is not known. This runs counter to the law's strong preference for a warrant when officers conduct searches or seizures. State v. Stark, 2018 OK CR 16, ¶ 13, 422 P.3d 1282, 1287, (quoting United States v. Ventresca, 380 U.S. 102, 109 (1965)).

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1989 OK CR 75, 782 P.2d 401, 
STATE v. KLINDT
Discussed

 
2018 OK CR 16, 422 P.3d 1282, 
STATE v. STARK
Discussed

 
2022 OK CR 2, 504 P.3d 605, 
WADKINS v. STATE
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 1021, 
Indecent Exposure - Indecent Exhibitions - Obscene or Indecent Writings, Pictures, Etc. - Solicitation of Minors
Cited

 
21 O.S. 1021.2, 
Minors - Obscene or Indecent Writings, Pictures, etc.
Cited

 
21 O.S. 1024.2, 
Purchase, Procurement, or Possession of Obscene Material - Penalty
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 171, 
Issuance of Arrest Warrant upon Verified Complaint
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA