**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Terry Lee HESTER,**
**Defendant/Appellant.**

**No. 83–1020.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1983.

Decided Nov. 3, 1983.

Arthur Garcia, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff/appellee.

James H. Kemper, Phoenix, Ariz., for defendant/appellant.

Before DUNIWAY, SWYGERT * and CANBY, Circuit Judges.

---

* The Honorable Luther M. Swygert, Senior Circuit Judge of the Seventh Circuit, sitting by designation.

CANBY, Circuit Judge:

A jury found Hester guilty of eleven sexually-related crimes all involving Indian pupils at a boarding school on the Navajo Reservation. The Federal Enclaves Act, 18 U.S.C. § 1152, provided the basis for all the convictions. In this appeal, Hester asserts that the district court erred by not dismissing the indictment because it did not allege Hester's non-Indian status. In addition, Hester argues that an erroneous jury instruction impermissibly shifted the burden of proof concerning his seven child molestation convictions. Finally, he contends that the indictment did not allege, nor did the government prove, the requisite mental element of the crime of child molestation under Arizona law. We affirm all eleven convictions.

*Sufficiency of the Indictment*

The Federal Enclaves Act provides, among other things, for the prosecution of crimes committed in Indian country by non-Indians against Indians. 18 U.S.C. § 1152.[1] The Act also provides, however, that its coverage "shall not extend to offenses committed by one Indian against the person or property of another Indian." *Id.* That exception is one of three enumerated in the Act.

Each count of the superseding indictment in this case alleged that the victim was an Indian and that the offense was committed in Indian country. The indictment did not allege or imply Hester's non-Indian status. At oral argument before us, counsel for the United States said that the latter omission was purposeful, because the Government did not believe that it ought to have the burden of alleging and establishing the non-applicability of this exception to section 1152. We agree.

The appellant, who contends that the indictment fails to allege an essential jurisdictional fact, draws some support from *Westmoreland v. United States*, 155 U.S. 545, 15 S.Ct. 243, 39 L.Ed. 255 (1895). In that case the Supreme Court rejected a similar challenge to an indictment under the predecessor to section 1152 by holding that allegations that the defendant was a white man and not a citizen of the Indian Territory sufficiently negated the applicability of the statutory exceptions. While the necessity of negating the exceptions in the indictment was not directly disputed, it does seem to have been assumed in the Court's opinion. The decision was followed in *Wheeler v. United States*, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895).

We would be guided by the Supreme Court's assumption in *Westmoreland* if we thought that it still represented the view of the Supreme Court, but we do not think that it does. We believe that the current view is more accurately reflected in *McKelvey v. United States*, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922), in which the Supreme Court squarely rejected a contention that an indictment under the Securities Act must allege the non-applicability of an exception.

> By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.

*Id.* at 357, 43 S.Ct. at 134.

■■■■ Our decisions have reiterated the same rule, *United States v. Guess*, 629 F.2d

1. 18 U.S.C. § 1152 provides:
   Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

   This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

573, 576 (9th Cir.1980) (quoting *United States v. Henry,* 615 F.2d 1223, 1234–35 (9th Cir.1980)), and there is good reason to apply it in this case. It is far more manageable for the defendant to shoulder the burden of producing evidence that he is a member of a federally recognized tribe than it is for the Government to produce evidence that he is not a member of any one of the hundreds of such tribes. We accordingly hold that the Government need not allege the non-Indian status of the defendant in an indictment under section 1152, nor does it have the burden of going forward on that issue. Once the defendant properly raises the issue of his Indian status, then the ultimate burden of proof remains, of course, upon the Government. *United States v. Guess,* 629 F.2d at 577 n. 4.

Hester's attack on the indictment consequently fails. Our decision does not impose any unfair surprise on him. He does not contend that he is in fact an Indian, and raised no such issue at trial. The only evidence of his status was the testimony of his former fiancee that Hester had told her he was of German ancestry, that she had filled out his state income tax form for him and had indicated his race as "caucasion," and that he had not obtained an Indian exemption from that tax. Hester's case is therefore analogous to *United States v. Heath,* 509 F.2d 16 (9th Cir.1974), in which we held that the defendant was not prejudiced by his conviction under section 1152 even though the indictment had misleadingly characterized him as an Indian and alleged a violation of 18 U.S.C. § 1153 rather than section 1152.[2]

*Other Issues*

■ The charges of child molestation were defined by Arizona law pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, made applicable to Indian country by the Federal Enclaves Act, 18 U.S.C. § 1152. Hester contends that the child molestation counts of the indictment, while tracking the applicable Arizona statute, failed to specify the requisite mental state. A conviction of child molestation under Ariz.Rev.Stat. § 13–1410 has been held to require proof beyond a reasonable doubt that the defendant touched the private parts of a child and that the touching was motivated by an unnatural or abnormal sexual interest or intent. *State v. Roberts,* 126 Ariz. 92, 95, 612 P.2d 1055, 1058 (1980). We do not view it as essential that this judicial gloss be included in the allegations of the indictment. The indictment, phrased in terms of the Arizona statute, afforded Hester fair notice of the crime with which he was charged. *United States v. Christopher,* 700 F.2d 1253, 1257 (9th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *United States v. Anderson,* 532 F.2d 1218, 1222 (9th Cir.1976), *cert. denied,* 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

■ Finally, Hester argues that one of the trial court's jury instructions created a mandatory presumption foreclosing the element of intent in the crime of child molestation, in violation of the holding of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The instruction given by the trial court stated: "The acts of touching, fondling, or playing with the private parts of a child under the age of 15 by their very nature manifest an unnatural or abnormal sexual interest on the part of the actor." The giving of this instruction in the posture of the present case was not error. The instruction complied with applicable Arizona law. Hester made no claim that his acts were privileged by a parent-child or doctor-patient relationship, or were in any way authorized by the children's parents.

---

**2.** In *Heath,* the defendant was a Klamath Indian who killed an Indian of the Warm Springs Tribe on the latter's reservation. Heath was indicted and convicted of violating the Major Crimes Act, 18 U.S.C. § 1153. On appeal, she contended that the district court lacked jurisdiction under section 1153 because she was a *terminated* Klamath Indian, *see* 25 U.S.C. § 564q, and hence no longer an Indian. This court agreed that Heath had lost her Indian legal status and that section 1153 did not confer federal jurisdiction. 509 F.2d at 19. However, we held that when a non-Indian defendant had committed a crime against an Indian victim on a reservation, the Federal Enclaves Act could confer jurisdiction, even though the indictment did not mention section 1152. *Id.* at 20 & n. 5.

See *State v. Brooks,* 120 Ariz. 458, 461, 586 P.2d 1270, 1273 (1978); *State v. Johnson,* 120 Ariz. 21, 583 P.2d 1341 (1978). The presumption did not violate the Fifth Amendment because there was " 'a rational connection between the facts proved and the fact presumed.' " *Leary v. United States,* 395 U.S. 6, 33, 89 S.Ct. 1532, 1546, 23 L.Ed.2d 57 (1969) (quoting *Tot v. United States,* 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943)); *United States v. Wolters,* 656 F.2d 523, 526 (9th Cir.1981). The fact proved is sufficient to support the inference of intent beyond a reasonable doubt. *See County Court of Ulster County v. Allen,* 442 U.S. 140, 166, 99 S.Ct. 2213, 2229, 60 L.Ed.2d 777 (1979); *see McGuinn v. Crist,* 657 F.2d 1107, 1108 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1982).

AFFIRMED.