51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Guadalupe DOMINGUEZ-BOTELLO, Defendant-Appellant.
 No. 94-10173.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided April 4, 1995.
 
 Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Guadalupe Dominguez-Botello appeals his conviction and sentence for the second degree murder, 18 U.S.C. Secs. 1111, 1152, of his wife's infant son.
 
 I. Motion for Continuance
 
 3
 Ten minutes before trial was set to begin, the defendant moved unsuccessfully for a continuance to secure the presence of an out of state pathologist. A district judge abuses his discretion when the denial of a continuance is "arbitrary or unreasonable." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), modified, 764 F.2d 675 (9th Cir.1985). In making this determination we consider (1) the extent of defendant's diligence; (2) the likelihood that a continuance would have satisfied the defendant's need; (3) the extent to which granting the continuance would have inconvenienced the court, the opposing party and witnesses; and (4) the extent of harm to the defendant. Flynt, 756 F.2d at 1359.
 
 
 4
 Defense counsel was not diligent. He did not contact the pathologist until the morning set for trial. Cf. United States v. Pope, 841 F.2d 954, 956 (9th Cir.1988) (defense counsel who allowed four months to pass without speaking directly with defense psychiatrist "did not exercise adequate diligence" and "offered no adequate explanation for his" continuance request made on the morning of trial).
 
 
 5
 The last minute motion, if granted, would have inconvenienced the court. The judge had a panel of prospective jurors waiting in the hallway and was ready to proceed with trial.
 
 
 6
 The content of the proffered testimony and availability of the witness were uncertain. See United States v. Brown, 821 F.2d 986, 989 (4th Cir.1987) (court of appeals should defer to trial judge where conflicting evidence is presented on motion for continuance). The district judge did not abuse his discretion in denying the motion.[1]
 
 II. Motion to Suppress Defendant's Statement
 
 7
 The defendant contends that (1) he did not knowingly and intelligently waive his Miranda rights and (2) his statement to the FBI was not voluntary.
 
 
 8
 At the suppression hearing, the defendant testified that he was pressured into signing a waiver of rights form and presented expert testimony that he did not understand his rights. This testimony was in direct conflict to the testimony of FBI Agent Coy. The district judge found "that the defendant's testimony that he doesn't understand the English language is not credible; that he fully understands the Spanish language to the degree necessary to fully understand his rights and to waive those rights freely and voluntarily." The evidence presented at the suppression hearing adequately supports this finding. See United States v. Gonzales, 749 F.2d 1329, 1336 (9th Cir.1984).
 
 III. Sufficiency of the Evidence
 
 9
 The defendant challenges the sufficiency of the evidence as it relates to the jurisdictional requirements[2] of 18 U.S.C. Sec. 1152 that the offense was (1) committed in "Indian Country", (2) against an "Indian", (3) by a "non-Indian".
 
 A. Indian Country
 
 10
 There was uncontradicted testimony from several witnesses, including the defendant, that the events leading to the child's death took place at 20 Reservation Road, within the Reno-Sparks Indian Colony. The defendant contends that this testimony was insufficient because the statutory definition of "Indian Country"[3] does not mention "Indian Colony" and no testimony was elicited to explain this designation. However, in the context of federal jurisdiction, we have used the term interchangeably with "Indian Reservation." See also Brown v. Burns, 996 F.2d 219, 220 (9th Cir.1993) (referring to the "Reno-Sparks Indian Colony" as a "reservation"); see also United States v. McGowan, 302 U.S. 535, 538-539 (1938) (discussing the "Reno Indian Colony" and noting that "it is immaterial whether Congress designates a settlement as a 'reservation' or 'colony' "). The uncontradicted testimony on this issue was sufficient evidence that the crime took place in Indian Country.
 
 B. Indian Victim
 
 11
 With regard to this element of the offense, the defendant first complains that the jury received no instructions on the definition of an Indian. The defendant, however, may not "assign as error any portion of the charge or omission therefrom unless [he] objects thereto before the jury retires." Fed.R.Crim.P. 30. This he did not do.
 
 
 12
 There is no statutory definition for determining Indian status under the federal criminal jurisdiction statutes. However, both the defendant and the child's mother testified that the child was an Indian. This testimony was sufficient to support the verdict.
 
 C. Non-Indian Defendant
 
 13
 "[T]he Government need not allege the non-Indian status of the defendant in an indictment under section 1152, nor does it have the burden of going forward on that issue" unless and until "the defendant properly raises the issue of his Indian status." United States v. Hester, 719 F.2d 1041, 1043 (9th Cir.1983). The defendant did not contest his non-Indian status before or at trial.
 
 
 14
 IV. Refusal to Give Involuntary Manslaughter Instruction
 
 
 15
 The district court denied defendant's request to give a lesser included offense instruction on involuntary manslaughter. The defendant argues that a jury could have found him guilty of involuntary manslaughter even if it believed his story that the child was killed accidentally by a falling dresser. Defendant's leaving the children unattended to take a shower would not amount to involuntary manslaughter. See United States v. Paul, 37 F.3d 496, 499 (9th Cir.1994) ("[I]nvoluntary manslaughter is an unintentional killing that evinces a wanton or reckless disregard for human life but not of the extreme nature that will support a finding of malice.") (quotation omitted). The district judge did not abuse his discretion by refusing to give the instruction. See United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 16
 V. Offense Level Increase under Sentencing Guidelines
 
 
 17
 The defendant challenges the two level increase in offense level for obstructing justice under U.S.S.G. Sec. 3C1.1. An obstruction of justice enhancement is appropriate when the defendant has committed perjury. U.S.S.G. Sec. 3C1.1, cmt. 3(b); United States v. Dunnigan, 113 S.Ct. 1111 (1993). The district judge's finding that the defendant perjured himself at trial is well supported by the record.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not reach the merits of defendant's ineffective assistance of counsel argument. See Pope, 841 F.2d at 958 ("Challenge by way of a [28 U.S.C. Sec. 2255] proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.")
 
 
 [2]
 See United States v. Heath, 509 F.2d 16, 18-19 (9th Cir.1974)
 
 
 [3]
 Indian Country "means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government ... (b) all dependent Indian communities within the borders of the United States ..., and (c) all Indian allotments, the Indian titles to which have not been extinguished...." 18 U.S.C. Sec. 1151