Gary Reynolds QUALLS, Petitioner—
Appellant,

v.

Charles GOLDSMITH, Warden, Arizona
Department of Corrections, and Janet
Napolitano, Attorney General for the
State of Arizona, Respondents—Ap-
pellees.

No. 05–16867.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 12, 2006.

Craig C. Gillespie, Esq., Craig C. Gillespie, P.C., Phoenix, AZ, for Petitioner–Appellant.

Dawn Marie Northup, Michael T. O'Toole, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: THOMPSON and CALLAHAN, Circuit Judges, and MILLER,* District Judge.

MEMORANDUM **

Petitioner Gary Reynolds Qualls appeals the denial of his petition for a writ of habeas corpus. Qualls was convicted in Arizona state court on two counts of child molestation and eight counts of sexual conduct with a minor under the age of fifteen for sexual acts committed against his two step-daughters.

Qualls argues that the jury instructions violated due process because the instructions used the phrase "on or about" with respect to the date of each offense, instead of the exact date, permitting the jury to convict him for uncharged conduct that occurred after the victims' fifteenth birthdays. Qualls also challenges the indictment for failing to give adequate notice of the charges, for being both multiplicitous and duplicitous, and for exposing him to the risk of double jeopardy. Finally, Qualls contends that the failure of his trial counsel to ask for an instruction on a lesser included offense or to request an instruction on unanimity with respect to the underlying acts constituted ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm the district court's denial of Qualls' petition.[1]

The district court's conclusion that a claim is procedurally barred is reviewed de novo. *Manning v. Foster*, 224 F.3d 1129, 1132 (9th Cir.2000). The district court's decision to deny a habeas petition is also reviewed de novo. *Id.; Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir.2000). The decision of the state court is reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the state court's decision will not be overturned unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## DISCUSSION

### A. Jury Instructions

■ Qualls argues that the use of "on or about" instead of exact dates in the jury instructions violated due process because (1) timing was a material element of the offenses charged, and (2) it allowed for the possibility that he was convicted for acts that occurred after his step-daughters' fifteenth birthdays. We agree with the district court's conclusion that Qualls failed to present this claim to the state court and, therefore, he is procedurally barred from pursuing it now on federal habeas review.

For the state courts to have a "fair opportunity" to review a claim, the petitioner must have described "both the operative facts and the federal legal theory on which his claim is based." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003). "[U]nless the petitioner clearly alerts the court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim." *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir.2004). Thus, it is insufficient to refer generally and only to a deprivation of the "right to a fair trial" or "right to present a defense." *Id.*

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The parties are well acquainted with the facts, which do not need to be set forth here.

Qualls failed to cite any federal law in his briefs to the Arizona courts. His vague reference to his "Due Process right to a fair trial" in his reply brief did not give the state courts notice that he meant to raise a federal claim as well as a state claim.[2] Moreover, Qualls' contention that the reference must have been to the federal Constitution because the Arizona Constitution does not contain a "due process right to a fair trial," is not persuasive in light of Article 2, §§ 4 and 24 of the Arizona Constitution which track the language of the Fifth and Sixth Amendments to the U.S. Constitution. *See State v. Bible,* 175 Ariz. 549, 567, 858 P.2d 1152 (1993) (declaring that "[a] fair trial is a fundamental liberty secured by the United States and Arizona Constitutions"). Finally, the reference to "the Fifth Amendments [*sic*] prohibition against double punishment" in his brief to the Arizona Court of Appeals was not made in relation to his "on or about" jury instruction claim.

■ Contrary to Qualls' contention, review for fundamental error does not absolve a habeas petitioner from his obligation to present his federal claims to the state court. *Moormann v. Schriro,* 426 F.3d 1044, 1057 (9th Cir.2005); *Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir.2002). It is also "contrary to long-established law" to review his claims, as he urges, under plain error review. *See United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Although a showing of cause and prejudice may excuse a petitioner's failure to fairly present his claims to the state court, in this case Qualls has not made such a showing. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Finally, Qualls has not shown that a failure to consider his claim would result in a

fundamental miscarriage of justice. *Id.* at 496, 106 S.Ct. at 2649.

■ Even if Qualls had presented his claim properly, it would still fail. Qualls' defense at trial was that any sexual conduct between him and his step-daughters occurred after the step-daughters had turned fifteen. Therefore, the exact date of each alleged act is irrelevant so long as the date was prior to the girl's fifteenth birthday. *See State v. Jones,* 205 Ariz. 445, 448, 72 P.3d 1264 (2003) (noting that the age of the victim is a substantive element of A.R.S. §§ 13–405(B) and 13–1410). Moreover, considering the jury instructions as a whole as we must, *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), it is clear that the jury could not have convicted Qualls for sexual conduct that occurred after the victim turned fifteen and also have followed the instructions given. The jury instructions defined the offenses to require that the victim be under the age of fifteen, and each verdict form contained a specific finding that the victim was under the age of fifteen.

## B. Indictment

■ Qualls argues that the indictment was fatally flawed due to its lack of time specificity, which failed to give him adequate notice and rendered the indictment multiplicitous and duplicitous. These claims are also procedurally barred. The Arizona Rules of Criminal Procedure provide that objections to defects in the indictment must be made prior to trial. Ariz. R.Crim. P. 13.5, 16.1(b), (c); *accord State v. Anderson,* 210 Ariz. 327, 335–36, 111 P.3d 369 (2005) (precluding a defendant from challenging an indictment as duplicitous where an objection had been made

---

**2.** Although Respondent urges us to hold that an issue raised in a reply brief is not fairly

presented, we do not believe such a holding is necessary to this disposition.

during, but not before, trial). Prior to trial, Qualls objected only to the admissibility of "other acts" under Rules 404(b) and (c) of the Arizona Rules of Evidence, and to whether the defense had received the requisite disclosure.

Stating that Qualls' objection to the indictment made *during* trial was timely, the district court found that Qualls was not procedurally barred from bringing his claim. This finding of the district court was erroneous because, under Arizona law, Qualls did not timely challenge before trial any alleged flaw in the indictment. Rather, the record shows, Qualls raised a challenge only to whether the grand jury had probable cause to return an indictment.

■ Again, we observe that Qualls' claims, even if not foreclosed by a procedural bar, lack merit. The indictment gave Qualls adequate notice of the charges against him. *See United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.1983) ("[A] legally sufficient indictment must state the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against."); *see also United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir.1983) (concluding that an indictment that charged the defendant with child molestation and that was phrased in the terms of A.R.S. § 13–1410 gave the defendant fair notice).

■ The jury instructions cured any multiplicity that may have existed in the indictment. "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir.2005). Multiplicity is a defect in the indictment; therefore, a conviction will not be reversed unless the defendant was prejudiced. *See*

*United States v. Severino*, 316 F.3d 939, 943 (9th Cir.2003). The jury was instructed that each count was a separate and distinct offense. Because jurors are presumed to follow their instructions, *see Penry v. Johnson*, 532 U.S. 782, 799, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001), we presume that the jury found separate acts to satisfy each count.

■ Similarly, Qualls was not prejudiced by any duplicity in the indictment. "An indictment is duplicitous where a single count joins two or more distinct and separate offenses." *United States v. Ramirez–Martinez*, 273 F.3d 903, 913 (9th Cir.2001). The concern is that a jury will convict without agreeing unanimously on the act underlying the count. *Id.* However, we will not reverse a conviction on this basis unless the defendant was misled and prejudiced. *United States v. Todd*, 964 F.2d 925, 928 (9th Cir.1992). Qualls has not established prejudice. By arguing that the sexual conduct did not begin until after the girls turned fifteen, Qualls denied that *any* of the acts had occurred or could be the basis for the indictment.

■ Qualls also has not been prejudiced on double jeopardy grounds. Double jeopardy bars a second prosecution based on evidence that would have supported a conviction in the first prosecution. *Russell v. United States*, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The victims' testimony placed the acts of sexual molestation and abuse into time frames that corresponded to the indictment. Because any of these acts could have supported the conviction, Qualls cannot be prosecuted for these acts again.

## C. Ineffective Assistance of Counsel [3]

To prevail on a claim of ineffective assistance of counsel, the defendant must dem-

---

3. In his brief, Qualls discussed issues not cer-     tified by the district court. We decline to

onstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There must be a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066.

■ Qualls contends that his counsel at trial rendered ineffective assistance by failing to ask for a lesser-included offense instruction that would allow the jury to find him guilty of sexual conduct with a minor under the age of eighteen, pursuant to A.R.S. § 13–1405(A).[4] The state court held that Qualls had failed to overcome the presumption that it was a strategic decision not to ask for an instruction on the lesser included offense and observed that Qualls could not show that the instruction would have changed the result. Given the nature of Qualls' defense, it was not objectively unreasonable for his counsel to object to any lesser-included-offense instruction.

Moreover, Qualls has not demonstrated that he was prejudiced by the failure to have the instruction. Each verdict form returned by the jury contained a specific finding that the minor was under the age of fifteen, implying a rejection of the lesser included offense. Therefore, even if Qualls' trial counsel should have consulted with him and asked for the lesser-included-offense instruction, there is no indication that the outcome of the trial would have been different.

■ The state court summarily rejected Qualls' argument that his trial counsel's failure to request an instruction requiring that the jury unanimously agree on which act was the basis for each count constituted ineffective assistance of counsel. We agree and find that the state court decision was not contrary to or an unreasonable application of *Strickland.*

In this case a specific unanimity instruction may have been appropriate because the victims testified that Qualls either molested or had sexual intercourse with them on a regular, almost daily, basis over a period of years. *See United States v. Jerome,* 942 F.2d 1328, 1331 (9th Cir.1991) (finding a specific unanimity jury instruction to be warranted when there is a possibility that "some jurors will convict on one set of facts while others will convict on the basis of another set of facts."). However, Qualls has not overcome the presumption that his counsel did not ask for the instruction for strategic reasons. The absence of such an instruction does not undermine our confidence in the outcome of the trial. The jury rejected Qualls' defense and there is ample evidence in the record to support the guilty verdict.

For the foregoing reasons, the district court's denial of Qualls' petition for writ of habeas corpus is

**AFFIRMED.**

---

expand the scope of the certificate of appealability to include those issues.

**4.** We assume for the purpose of this memorandum disposition's discussion of alleged ineffective assistance of counsel that sexual conduct with a minor under the age of 18 is a lesser-included offense of sexual conduct with a minor under the age of 15.