# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1819

_____

United States of America

*Plaintiff - Appellee*

v.

Robert D. Webster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2015
Filed: August 13, 2015

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Robert Dion Webster, an Indian, of aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c) as extended by 18 U.S.C. § 1152. Webster appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Section 2241(c) outlaws aggravated sexual abuse of a child younger than 12 "in the special maritime and territorial jurisdiction of the United States." **18 U.S.C. § 2241(c)**. It is a chapter 109A felony.

Section 1152 "provides federal jurisdiction for crimes occurring within Indian country between an Indian and a non-Indian." *United States v. Graham*, 572 F.3d 954, 956 n.3 (8th Cir. 2009). It states:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

**18 U.S.C. § 1152** ("Indian Country Crimes Act" or "General Crimes Act").

A grand jury indicted Webster in December 2012, alleging: "Between on or about May 20, 2007 and on or about July 20, 2007, . . . on and within the Omaha Indian Reservation in Indian Country, [Webster], an Indian male, did knowingly engage in a sexual act with A.C., a child who had not attained the age of 12 years, to wit: contact between the defendant's penis and the child's anus . . . ." The indictment

did not allege A.C. was a non-Indian or that Webster had not faced tribal punishment. Webster did not move to dismiss the indictment.[1]

At the May 2013 trial, Webster stipulated that he is an Indian ("an enrolled member of the Omaha Tribe") and A.C. is a non-Indian, who was eight during the alleged date-range. At oral argument, Webster's counsel said he stipulated to A.C.'s non-Indian status because "the indictment was pled like an [§] 1153 case."

The district court[2] excluded references to a tribal complaint filed against Webster in the Omaha Tribal Court. Webster's counsel acknowledged, "It's been dismissed because of the federal – United States government bringing a case."

The jury heard recordings of Webster's jail phone calls. The government provided a transcript to the court and Webster (but not the jury); Webster said he stipulated to the recordings based on the transcript. After the government played an excerpt, Webster's counsel said, "I think there were some things in there that were said that weren't on the transcript that was approved." The record does not indicate what was played or how it differed from the transcript.

At the close of evidence, Webster moved for acquittal, arguing the government did not prove the absence of tribal punishment. The court denied the motion. The

---

[1]The government could have charged Webster under 18 U.S.C. § 1153, the Major Crimes Act, which applies to chapter 109A felonies. *See* **18 U.S.C. § 1153(a)** ("Any Indian who commits against the person or property of another Indian *or other person* . . . a felony under chapter 109A . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." (emphasis added)).

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

jury returned a guilty verdict in one hour. Two weeks later, Webster moved again for acquittal, challenging the government's failure to prove A.C.'s non-Indian status.

At sentencing, A.C. asked to testify. The court declined but received a letter from A.C. The court did not read the letter into the record or give a copy to the parties. It sentenced Webster to 30 years' imprisonment, the mandatory minimum. Two months after noticing his appeal, Webster moved the district court to produce A.C.'s letter. The court denied the motion.

II.

A.

Challenging the sufficiency of the evidence, Webster claims a variance between the evidence and the indictment's date-range.

"Whether a variance exists, and, if so, whether that variance prejudiced [Webster] are questions of law that we review de novo." *United States v. Villarreal*, 707 F.3d 942, 962 (8th Cir. 2013). "Where the indictment 'fully and fairly' apprises the defendant of the allegations against which he must defend, prejudice is absent and any variance is harmless error." *Id.* "[T]he use of 'on or about' in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified." *United States v. Kenyon*, 397 F.3d 1071, 1078 (8th Cir. 2005). "And even if the proof at trial does not show that the crime occurred within a reasonable time of the date specified in the indictment, a variance between the date in the pleading and the proof is not fatal if the proof shows that the acts charged were committed within the period of the statute of limitations and prior to the date of the indictment, as long as the date is not a material element of the offense, and the defendant is not prejudiced." *Id.* (brackets omitted).

Even if there were a variance with this "on or about" date-range, it was not fatal. *See id.* There is no statute of limitations for § 2241(c). *See* **18 U.S.C. § 3299** ("Notwithstanding any other law, an indictment may be found . . . at any time without limitation . . . for any felony under chapter 109A . . . ."). Webster does not argue that the evidence showed the alleged act happened after the December 2012 indictment. The date is not an element of § 2241(c). *See* **United States v. Plenty Arrows**, 946 F.2d 62, 65 & n.1 (8th Cir. 1991). And there is no prejudice because the "indictment 'fully and fairly' apprise[d]" Webster of the allegations—that he engaged in a specific sexual act with a specific person at a certain place. *See* **Villarreal**, 707 F.3d at 962.

## B.

According to Webster, A.C.'s non-Indian status and the absence of tribal punishment are "elements" of § 1152. On appeal, he makes different arguments for each "element," and this court addresses them separately.

## 1.

For A.C.'s non-Indian status, Webster argues, "Due to the failure by the government to allege the Indian status of the victim in the indictment, the indictment was fatally flawed."

Webster first challenged the indictment about A.C.'s status two weeks after the May 2013 trial. Until December 1, 2014, "A challenge that an indictment fails to state an offense . . . [could] be raised at any time while the case is pending." *See* **United States v. Buchanan**, 574 F.3d 554, 565 (8th Cir. 2009), *citing* **Fed. R. Crim. P. 12(b)(3)(B)** (eff. Dec. 1, 2002).[3] Even so: "An indictment that is challenged after

---

[3]Now, "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion

-5-

jeopardy attaches, will be upheld 'unless the indictment is so defective that by no reasonable construction can it be said to charge the offense.'" *Buchanan*, 574 F.3d at 565 (brackets omitted). "[W]e apply a more deferential standard of review," *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001), and "an indictment that is challenged after jeopardy has attached will be liberally construed in favor of sufficiency," *United States v. Davis*, 103 F.3d 660, 675 (8th Cir. 1996). "An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988).

This court has not addressed whether § 1152 establishes offense elements. "Two Supreme Court decisions indicate that the status of the victim is an element." *United States v. Prentiss*, 256 F.3d 971, 975, 980 (10th Cir. 2001) (en banc) (holding "the Indian/non-Indian statuses of the victim and the defendant are essential elements"), *abrogated on other grounds as recognized by United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007). Those cases—*Smith v. United States*, 151 U.S. 50 (1894), and *Lucas v. United States*, 163 U.S. 612 (1896)—interpreted a predecessor to § 1152, although one with "nearly identical" language. *Prentiss*, 256 F.3d at 975 & n.3. *See also United States v. Torres*, 733 F.2d 449, 457 (7th Cir. 1984) (holding "the jury must determine, as a question of fact, the victim's status as an Indian or non-Indian").

Even if the victim's status is an element of § 1152, the indictment's failure to allege A.C.'s status did not render it "so defective that by no reasonable construction can it be said to charge the offense." *Buchanan*, 574 F.3d at 565. The indictment "fairly inform[ed]" Webster of the charge against him—that he engaged in a specific

---

can be determined without a trial on the merits: . . . a defect in the indictment or information, including: . . . failure to state an offense . . . ." **Fed. R. Crim. P. 12(b)(3)(B)(v)** (eff. Dec. 1, 2014).

sexual act with a specific person at a certain place.  *See Mallen*, 843 F.2d at 1102. The indictment was sufficient to allow Webster to plead double jeopardy.  *See id.*

At oral argument, Webster's counsel said he stipulated to A.C.'s non-Indian status because "the indictment was pled like an [§] 1153 case"—where that status is irrelevant.  *See* **18 U.S.C. § 1153(a)** ("Any Indian who commits against the person or property of another Indian or other person . . . a felony under chapter 109A . . . ."). Because the government charged Webster with a chapter 109A felony, A.C.'s status did not affect Webster's defense in this case.  *See **United States v. White Horse**, 316 F.3d 769, 771, 772 (8th Cir. 2003) (discussing "complementary nature of § 1152 and § 1153" in case of Indian defendant charged with sexually abusing his son, in violation of § 2241(c) as extended by § 1152); **United States v. Martin**, 777 F.3d 984, 993 (8th Cir. 2015) (accepting as conclusive defendant's stipulation to Indian status for purposes of § 1153).

2.

For tribal punishment, Webster argues, "The evidence presented was not sufficient to prove that the defendant was not punished in tribal court."

Webster moved for acquittal on this basis at the close of evidence.  This court reviews the denial of his acquittal motion de novo.  *See **United States v. Goodwin**, 719 F.3d 857, 860 (8th Cir. 2013); **Fed. R. Crim. P. 29(a)** ("Motion for a Judgment of Acquittal").[4]

---

[4]Webster did not make a stipulation about the absence of tribal prosecution, although his counsel said the tribal complaint had "been dismissed because of the federal – United States government bringing a case."

-7-

No court appears to have decided whether the absence of tribal punishment is an element. *Cf. **Prentiss***, 256 F.3d at 980 n.8 (declining to decide if absence of tribal punishment is element). In *United States v. Hester*, the Ninth Circuit, in a case with Indian victims, held "the Government need not allege the non-Indian status of the defendant in an indictment under section 1152, nor does it have the burden of going forward on that issue." ***United States v. Hester***, 719 F.2d 1041, 1043 (9th Cir. 1983). *See also **United States v. Bruce***, 394 F.3d 1215, 1222-23 (9th Cir. 2005). The court reasoned, "It is far more manageable for the defendant to shoulder the burden of producing evidence that he is a member of a federally recognized tribe than it is for the Government to produce evidence that he is not a member of any one of the hundreds of such tribes." ***Hester***, 719 F.2d at 1043 (adding, "Once the defendant properly raises the issue of his Indian status, then the ultimate burden of proof remains, of course, upon the Government.").

Applying the Ninth Circuit's reasoning, this court concludes the absence of tribal prosecution is not an element of § 1152. It is far more manageable for Webster to initially show he was "punished by the local law of the tribe" than it is for the government to initially show the negative—that Webster has *not* been punished. *See id. See also **McKelvey v. United States***, 260 U.S. 353, 357 (1922) ("By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it."). *Cf. **Smith v. United States***, 133 S. Ct. 714, 720, 721 (2013) (holding defendant had burden to show withdrawal from conspiracy, and stating, "'Where the facts with regard to an issue lie peculiarly in the knowledge of a party,' that party is best situated to bear the burden of proof" (quoting ***Dixon v. United States***, 548 U.S. 1, 9 (2006))).

This interpretation squares with § 1152's plain language and construction. Congress gave no indication that it was requiring the government to prove difficult elements. Rather, the first paragraph "extend[s] to the Indian country" federal enclave laws. *See* **18 U.S.C. § 1152**; *United States v. Yankton*, 168 F.3d 1096, 1097 n.4 (8th Cir. 1999) (stating that § 1152 "grants federal jurisdiction for offenses committed on federal enclaves"). The second paragraph "contains three exceptions to the general extension of federal enclave law to Indian country." *United States v. Thunder Hawk*, 127 F.3d 705, 706 (8th Cir. 1997). *See also* *United States v. Iron Shell*, 633 F.2d 77, 89 (8th Cir. 1980) (discussing "jurisdictional scheme defining the role of federal courts regarding Indian criminal law," including § 1152).

The evidence was sufficient to convict Webster of § 2241(c) as extended by § 1152.

C.

Webster appeals the exclusion of the tribal complaint and admission of the recording. "We review a district court's evidentiary rulings for clear abuse of discretion, reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." *United States v. Espinoza*, 684 F.3d 766, 778 (8th Cir. 2012).

Webster intended to use the tribal complaint "to show that the date-range of the [indictment] was false." According to the government, "The Indictment charged a two-month time period that was still within the two-year time period alleged in the tribal complaint." Webster does not contest this statement, or make a record about the date-range alleged in the tribal complaint. He cannot show the falsity of the indictment's date-range by introducing a second range encompassing it. For the intended purpose, excluding the tribal complaint could not have "more than a slight

influence on the verdict." *See id.* Webster fails to show that excluding the tribal complaint was an abuse of discretion.

Webster argues the recording lacked foundation because it "differed from the transcript used in stipulating to the evidence." Nothing in this court's record, including Webster's appellate brief, indicates what was played or how it differed from the transcript. Webster does not argue the government played prejudicial material. Even if the recording lacked foundation, Webster has not shown that any inconsistency with the transcript affected his substantial rights. *See id.*

The court did not abuse its discretion by excluding the tribal complaint or by admitting the recording.

D.

Webster argues the court erred by refusing to produce A.C.'s letter. "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Webster moved to produce after noticing his appeal. This appeal divested the district court of control to produce the letter because Webster speculates the letter is exculpatory and his appeal otherwise contests his conviction. *See id.* The district court properly denied the motion. *See* **Fed. R. Crim. P. 37(a)(2)** ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion . . . .").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-10-