# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1798
_____

United States of America

*Plaintiff - Appellee*

v.

Susan Marie Schrader

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: November 24, 2016
Filed: November 27, 2015
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury found Susan Marie Schrader guilty of conspiring to distribute and possess with intent to distribute a mixture or substance containing a detectable amount

of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), and 846. The district court[1] sentenced her to 51 months in prison—a sentence which falls at the bottom of the advisory Guidelines imprisonment range—plus 3 years of supervised release. Schrader appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel challenges the denial of her motion for judgment of acquittal, arguing in part that the indictment only mentioned a detectable amount of cocaine; asserts for the first time that Native Americans residing on the Pine Ridge Indian Reservation receive harsher punishment for similar conduct than persons not residing on reservations, in violation of equal protection; and challenges the reasonableness of the sentence, complaining that the court "strictly adhered" to the Guidelines range and relied on hearsay testimony. Schrader echoes these arguments in her pro se supplemental brief.

The evidence at trial included cooperating witnesses' testimony that Schrader and others frequently used and distributed cocaine over a span of several years, while at her home on the Pine Ridge Indian Reservation in South Dakota. This court concludes the evidence was sufficient to sustain Schrader's conviction. *See United States v. Turner*, 781 F.3d 374, 392 (8th Cir. ) (standard of review), *cert. denied*, 136 S. Ct. 208, 280 (2015); *United States v. Williams*. 534 F.3d 980, 985 (8th Cir. 2008) (elements of conspiracy to distribute drugs); *see also United States v. Webster*, 797 F.3d 531, 534-35 (8th Cir. 2015) (where indictment "fully and fairly" apprises defendant of allegations against which he must defend, prejudice is absent and any variance is harmless error). This court also rejects Schrader's newly raised and unsupported equal protection argument. *See United States v. Clark*, 409 F.3d 1039, 1045 (8th Cir. 2005) (reviewing for plain error claimed constitutional violation that is raised for first time on appeal).

---

[1]The Honorable Karen E. Schreier, United States District Court for the District of South Dakota.

Nothing in the record to suggests that the sentence was procedurally deficient or substantively unreasonable, or that the sentencing hearing was constitutionally deficient. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *United States v. Villareal-Amarillas*, 562 F.3d 892, 895-96 (8th Cir. 2009) (preponderance standard satisfies due process); *United States v. Shackelford*, 462 F.3d 794, 796 (8th Cir. 2006) (per curiam) (discussing use of hearsay at sentencing).

An independent review under *Penson v. Ohio,* 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____